# United States Court of Appeals
## For the First Circuit

No. 12-2328

MYRNA COLON-MARRERO; JOSEFINA ROMAGUERA AGRAIT

Plaintiffs - Appellees

v.

EDWIN MUNDO-RIOS, as Electoral Commissioner of the New Progressive Party (NPP)

Defendant - Appellant

EDER E. ORTIZ-ORTIZ, as Electoral Commissioner of the Popular Democratic Party (PDP)

Defendant - Appellee

HECTOR J. CONTY-PEREZ, as President of the Puerto Rico State Elections Commission;
ROBERTO I. APONTE-BERRIOS, as Electoral Commissioner of the Puerto Rico
Independence Party (PIP); JULIO FONTANET-MALDONADO, as Electoral
Commissioner of the Movimiento Union Soberanista (MUS); ADRIAN DIAZ-DIAZ,
as Electoral Commissioner of the Puertorriquenos por Puerto Rico (PPR);
CARLOS QUIROS-MENDEZ, as Electoral Commissioner of the Partido del
Pueblo Trabajador (PPT); LILLIAN APONTE-DONES, as Electoral Commissioner
of the Partido del Pueblo Trabajador (PPT)

Defendants

No. 12-2329

MYRNA COLON-MARRERO; JOSEFINA ROMAGUERA AGRAIT

Plaintiffs - Appellees

v.

HECTOR J. CONTY-PEREZ, as President of the Puerto Rico State Elections Commission

Defendant - Appellant

EDER E. ORTIZ-ORTIZ, as Electoral Commissioner of the Popular Democratic Party (PDP);

Defendant - Appellee

EDWIN MUNDO-RIOS, as Electoral Commissioner of the New Progressive Party (NPP); ROBERTO I. APONTE-BERRIOS, as Electoral Commissioner of the Puerto Rico Independence Party (PIP); JULIO FONTANET-MALDONADO, as Electoral Commissioner of the Movimiento Union Soberanista (MUS); ADRIAN DIAZ-DIAZ, as Electoral Commissioner of the Puertorriquenos por Puerto Rico (PPR); CARLOS QUIROS-MENDEZ, as Electoral Commissioner of the Partido del Pueblo Trabajador (PPT); LILLIAN APONTE-DONES, as Electoral Commissioner of the Partido del Pueblo Trabajador (PPT)

Defendants

_____

Before
Torruella, Lipez and Howard,
Circuit Judges
_____

**JUDGMENT**

Entered:  November 5, 2012


**Per Curiam.**  We concluded in our order of October 18, 2012 that it would be improvident to grant plaintiff's requested relief with only 18 days remaining before the general election. Federal Court intervention on the eve of the election is even more improvident.  We are wholly unpersuaded by the district court's rationale for doing so.  Moreover, the district court entered its orders of November 3 and 4 after we had unanimously denied a similar request for relief in our order of November 2.  The two orders of the district court entered as Docket Numbers 79 and 80 in the district court action 12-cv-01749-CCC are hereby vacated forthwith.

So ordered.


**"Dissenting opinion follows"**

**Torruella, Circuit Judge**, **(Dissenting).**

I am once again forced to dissent from the decision taken by a majority of this panel. I believe that the district court acted correctly in seeking to preserve its jurisdiction under the All Writs Act, that the order does not conflict with the Per Curiam this Court issued on November 2, 2012 and that vacating said order at this point will indeed bring about the uncertainty and confusion that the panel has feared all along.

The Per Curiam this Court issued on November 2, 2012 clearly stated that the Court was "persuaded that plaintiff had established a likelihood of success on her federal election claim under HAVA," but that it was yet to be determined if the remedy could include the **reinstatement** of voters in the list of voters for the general elections, as opposed to their **reinstatement** in the list of voters for the election for Resident Commissioner alone. Therefore, what the Court considered to be undetermined is whether it could order the I-8s to be **reinstated as active voters in the general elections**. It also found that there were no findings as to the feasibility of ordering the **reinstatement** of the voters in question only as to the election for Resident Commissioner. According to the Per Curiam, the lack of findings as to the feasibility of **reinstating** the I-8s for purposes of the election for the Resident Commissioner, along with doubts regarding its own competency and authority to craft a same day recusal procedure, were major concerns for the majority.

Not content with having succeeded in preventing the I-8s' reinstatement, Defendant-Appellant sought an order from the Commonwealth's court system to have the State Elections Commission ("CEE," for its initials in Spanish) produce the I-8 lists so that poll workers could bar the people appearing on said list who show up at the polling stations from casting provisional ballots through the "added-by-hand" procedure contemplated the Puerto Rico Election Code and the provisional ballot contemplated in HAVA.

The Supreme Court of Puerto Rico initially denied Defendant-Appellant Mundo's attempt to have the case lifted from the Court of First Instance to the Supreme Court by means of a intrajurisdictional certification. The Supreme Court, in denying the initial request, gave the Court of First Instance specific instructions on how it expected the latter to decide the issue on the merits. It also made it clear that I-8 voters who attempted to vote "added-by-hand" could face up to three years of jail time. Because the Court of First Instance did not act with the speed the Supreme Court deemed appropriate, the Supreme Court decided to reconsider its prior denial and take up the case de novo. Thereafter, in a Per Curiam opinion issued on November 3, 2012, it found that I-8 voters should not be allowed to vote in the "added-by-hand" polling stations and that any such voter who attempted to do so could face up to three years imprisonment. As Plaintiff-Appellee points out, the Supreme Court only interpreted the I-8 voters' right to cast provisional ballots **under the Electoral Code**. It thus "left the federal issue to be adjudicated . . . by the [District] Court." Response to Appellant Mundo-Ríos' Emergency Motion for a Stay Pending Appeal and/or Urging Immediate Vacatur, and in the Alternative a Writ of Mandamus, at 6.

Given the above scenario Plaintiff-Appellees requested that the district court issue a remedy to safeguard the right of the I-8 voters to cast provisional ballots pursuant to HAVA. The district court thus issued an order under the All Writs Act, 28 U.S.C. § 1651(a) with the sole and exclusive purpose of preserving its jurisdiction over Plaintiff-Appellees' federal and constitutional law claims. The order states that it "**does not contemplate the actual, immediate reactivation** on November 6 of any I-8 voters." It does, however, seek to "preserve its power to ultimately resolve the controversies before it instead of engaging in an exercise of futility."

In my view the district court's order does not contradict the Per Curiam issued by this Court on November 2, 2012. The Per Curiam related to the Court's reasons for denying a preliminary

injunction which sought the **reinstatement** of the I-8 voters to the active voter list. The effect of having issued the preliminary injunction would have been that the ballots cast by the I-8s on election day would have been considered valid live ballots since the moment they were cast. The ballots that would have been cast pursuant to the district court's order, by contrast, would have been **provisional** ballots that would have only been counted once the validity of the constitutional and federal law claims was established.

I consider the district court's order to be a valid attempt by the district court to preserve its jurisdiction to determine if relief for Plaintiff-Appellees' constitutional and federal law claims is proper. On November 2, 2012, I reluctantly joined the other members of the panel in denying Plaintiff-Appellants' request for emergency relief. I note, however, that I did so only because I did not consider that this Court could fashion such a remedy moments after the Per Curiam issued. Evidently, the situation is different now that the district court has taken appropriate steps to preserve its jurisdiction. In my view, the district court's order deserves deference and should be left untouched especially given that the President of the CEE, Defendant-Appellant Héctor Conty-Pérez has manifested both on the radio and via the written media in Puerto Rico that he has already fully complied with the district court's orders. The undersigned personally heard him state on the radio that ballots were sent to the "added-by-hand" polling stations to accommodate the I-8s who seek to cast provisional ballots and that the district court's order had been translated, published and would be posted tomorrow at every polling station. This Court's vacation of the district court's order will in fact now bring about the chaos that has been predicted.

I dissent.

cc:
Carmen Consuelo Cerezo, Judge, US District Court of Puerto Rico
Frances Rios de Moran, Clerk, US District Court of Puerto Rico
Carlos Del Valle Cruz, Rafael Garcia-Rodon, Carlos Hernandez Lopez, Juan Saavedra-Castro, Jose Nieto-Mingo, Claudio Aliff-Ortiz, Seth Erbe, David Indiano-Vicic, Johanna Emmanuelli Huertas, Josege Martinez-Luciano, Pedro Ortiz-Alvarez, Emil Rodriguez Escudero, Marcos Valls-Sanchez, Nelson Cordova-Morales, John Mudd